**IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| SUSAN WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| GREYSTONE ALLIANCE, LLC, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant. | ) |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

SUSAN WHITE ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GREYSTONE ALLIANCE, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant is a debt collection company that regularly does business in Delaware and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Wilmington, Delaware.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), or in the alternative is a non-debtor granted a cause of action. See Wenrich v. Robert E. Cole, PC, 2001 WL 4994 (E.D. Pa. 2000).

7. Defendant is a national debt collection company with corporate headquarters located at 33 Dodge Road, Suite 106, Getzville, New York 14068.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged credit card debt from Plaintiff owed by a "Cynthia Rallis" (phonetic).

11. Based upon information and belief, the alleged debt arose out of transactions, which were primarily for personal, family, or household purposes, and could have only been for consumer purposes, as Plaintiff has no business debt.

12. Between October 2011 and January 2012, Defendant's representatives made near-daily harassing debt collection calls to Plaintiff's home telephone, in connection to the collection of the alleged credit card debt.

13. Defendant's harassing calls originated from numbers, including but not limited to (716) 218-4800, (716) 218-4871 and (716) 218- 4872. The undersigned has confirmed that these numbers belong to Defendant.

14. On numerous occasions, Defendant's representatives called Plaintiff at least four (4) times in a single day and more than ten (10) times in a week.

15. On several of these occasions, Defendant left voice mail messages indicating the call was for "Cynthia Rallis."

16. Plaintiff has never gone by the name "Cynthia Rallis", nor does Plaintiff know anyone by this name.

17. During one telephone call in or around January 2012, Plaintiff's husband advised Defendant's representative that no one by the name of "Cynthia Rallis" lived there; in response Defendant's representative stated "you know what this is about, we're calling for Susan White."

18. Following this conversation, Defendant's representatives called Plaintiff at least ten more times after being told that "Cynthia Rallis" could not be reached at the telephone number Defendant was calling.

19. Defendant often failed to identify itself as a debt collector during these telephone calls with Plaintiff.

20. Plaintiff did not receive a written communication within five (5) days of initial contact advising Plaintiff of her right to dispute the debt.

21. Knowing that Plaintiff was not the debtor Defendant was calling for, and failing to cease communications or have reasonable belief that it had reached the correct person, the only reason Defendant had to continue to call was to harass Plaintiff, perhaps believing that by doing so, it could coerce her into paying.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

22. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

  a. Defendant violated §1692d of the FDCPA when it engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff by making calls to a third party knowing she was not the debtor;

  b. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly;

  c. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

  d. Defendant violated §1692e(2)(A) of the FDCPA when it made false representations about the character, amount or legal status of the debt;

  e. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

  f. Defendant violated §1692e(11) of the FDCPA by failing to disclose that the communications were from a debt collector;

  g. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

  h. Defendant violated §1692f(1) of the FDCPA when it attempted to collect an amount not authorized by law;

  i. Defendant violated §1692g(a) of the FDCPA when it failed to provide

Plaintiff with written notification of her rights to dispute the debt or to demand verification thereof within five (5) days of its first communication with Plaintiff.

WHEREFORE, Plaintiff, SUSAN WHITE, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SUSAN WHITE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 02/07/12    KIMMEL & SILVERMAN, P.C.

s/ W. Christopher Componovo  
W. Christopher Componovo  
Attorney ID # 3234  
Kimmel & Silverman, PC  
Silverside Carr Executive Center  
Suite 118, 501 Silverside Road  
Wilmington, DE 19809  
(302) 791-9373 phone  
(302) 791-9476 fax

PLAINTIFF'S COMPLAINT